# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD A. MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-62-NCC |
| | ) | |
| DEPARTMENT OF MENTAL HEALTH and STATE OF MISSOURI, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Reginald A. Morgan for leave to proceed in this action without prepaying fees or costs. Upon consideration of the motion and the financial information provided therein, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, for the reasons discussed below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B), and will deny as moot plaintiff's motion to appoint counsel.

### Legal Standard

This Court is required to review a complaint filed *in forma pauperis* to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered

within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a resident of the St. Louis Psychiatric Rehabilitation Center. Since 1992, he has filed more than twenty civil cases in this Court. Plaintiff filed the instant complaint against the Missouri Department of Mental Health and the State of Missouri. He invokes this Court's federal question jurisdiction, and avers his claims arise under the Eighth, Thirteenth, and Fourteenth Amendments. Plaintiff does not clearly identify the procedural vehicle by which he brings his claims in this Court, but based upon his assertions, the Court liberally construes the complaint as being filed pursuant to 42 U.S.C. § 1983.

Plaintiff sets forth his statement of claim as follows:

> 2019 the defendant had nowhere to move and bed certain plaintiff, so, they doubled the rooms up for bedding and not have a eating place for plaintiff, the capacity was less than 300 and no visiting rights, 10 people for shower and makeshift beds all in violation of the Constitution; in other words the institution is overcrowded.

(ECF No. 1 at 5).[1] Plaintiff avers the foregoing caused discomfort, and he seeks "seven million in damages." *Id.*

---

[1] The text is quoted without correction of spelling and grammatical errors.

2

**Discussion**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the State of Missouri, and against the Missouri Department of Mental Health, which is a department of the State of Missouri. He seeks an award of damages to redress violations of his Constitutional rights. Plaintiff's claims are barred by the doctrine of sovereign immunity.

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). "The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court." *Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018). The Missouri Department of Mental Health shares the State of Missouri's Eleventh Amendment immunity. *Miener v. State of Missouri,* 673 F.2d 969, 980–81 (8th Cir. 1982). The Eleventh Amendment has been held to confer sovereign immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens, and the citizens of other states. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); *Egerdahl*, 72 F.3d at 618-19 ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment").

There are two "well-established exceptions" to the sovereign immunity conferred by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). The first is "where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id*. The second is when a state waives its immunity to suit in federal court. *Id*. at 65. A State will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable

3

construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception applies in this case.

As to the first exception, the Supreme Court has determined that 42 U.S.C. § 1983 does not revoke a state's Eleventh Amendment immunity from suit in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe … that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). As to the second exception, the State of Missouri has not waived its immunity in this type of case. *See* Mo. Rev. Stat. § 537.600 (explaining that sovereign immunity is in effect, and providing exceptions).

In sum, the sovereign immunity conferred by the Eleventh Amendment bars plaintiff's claims against the Missouri Department of Mental Health and the State of Missouri, and neither exception to sovereign immunity applies here. The Court finds it would be futile to permit amendment in this case. Therefore, the Court will dismiss this action at this time, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 13th day of April, 2022.